UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MICHELLE MORRIS,<br>  Plaintiff, | Case No. 1:24-cv-003<br>Hopkins, J.<br>Litkovitz, M.J. |
| vs. | |
| HAMILTON COUNTY JOB<br>AND FAMILY SERVICES, et al.,<br>  Defendants. | REPORT<br>AND RECOMMENDATION |

Plaintiff, a resident of Cincinnati, Ohio, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1-1). Plaintiff names the following defendants in their official capacity only: Hamilton County Job and Family Services; Matt Damschroder, the Director of the Ohio Job and Family Services; Margie Weaver, the Director of the Hamilton County Job and Family Services; and Abigail Rogers, a caseworker with the Hamilton County Job and Family Services. (*Id.* at PAGEID 5-6). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is now before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B).

Screening of Complaint

A.  **Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton*

*v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to

state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

      **B.**     **Plaintiff's Complaint**

Plaintiff's complaint alleges that on June 20, 2023, her grandson was removed from her home by Children's Protective Services at the request of the child's mother. Plaintiff alleges her grandson was then placed in an unclean and unsafe environment, which was detrimental to his health and well-being. She alleges her grandson is disabled, and she was the caregiver who provided daily care for her grandson and facilitated his receipt of special medical services. Plaintiff alleges that Job and Family services caseworkers knew about the unsafe conditions and "intentionally disregarded the evidence and pleas for help." (Doc. 1-1 at PAGEID 7). She further alleges that since her grandson's removal from her home, he has been sick and denied

3

medical attention by Children's Protective Services, his mother, and his paternal grandmother. (*Id.* at PAGEID 10). As relief, plaintiff seeks an order: (1) reprimanding Job and Family Services; (2) requiring Job and Family Services pay for all of her grandson's medical treatment; and (3) permitting plaintiff to "regain full custody" of her grandson. (*Id.* at PAGEID 8).

### C. Resolution

As an initial matter, the Court assumes, without deciding, that plaintiff has standing to bring the claims alleged. *See, e.g., Johnson v. City of Cincinnati*, 310 F.3d 484, 501 (6th Cir. 2002) (finding that plaintiff, who had regularly participated in the care of her minor grandchildren, had a fundamental freedom of association right to participate in their upbringing).

Nevertheless, the complaint fails to state a claim for relief against the defendants in their official capacity. An official capacity suit is generally "only another way of pleading an action against an entity of which an officer is an agent." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). A suit against a defendant in his or her official capacity under § 1983 is equivalent to a suit against the local government entity. *Powers v. County of Lorain,* 259 F. App'x 818, 822 n.2 (6th Cir. 2008). In an official capacity action, the real party in interest is the governmental entity and not the named official. Therefore, "the entity's 'policy or custom' must have played a part in the violation of federal law." *Hafer*, 502 U.S. at 25 (citing *Graham*, 473 U.S. at 166) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978)).

Plaintiff's official capacity suit against defendant Matt Damschroder, the Director of the Ohio Job and Family Services, is equivalent to a suit against the State of Ohio. The complaint should be dismissed against the State of Ohio because it is immune from suit. Absent an

4

express waiver, the Eleventh Amendment to the United States Constitution bars suit against a State or one of its agencies or departments in federal court regardless of the nature of the relief sought. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). The exceptions to the Eleventh Amendment bar prohibiting lawsuits against a state in federal court do not apply in this case. The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment rights. *See Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460 (6th Cir. 1982); *Ohio Inns, Inc. v. Nye*, 542 F.2d 673, 681 (6th Cir. 1976). Nor has plaintiff sued a state official seeking prospective injunctive relief against future constitutional violations. *Ex Parte Young*, 209 U.S. 123 (1908). In addition, Congress has not "explicitly and by clear language" expressed its intent to "abrogate the Eleventh Amendment immunity of the States" when enacting Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 341-43, 345 (1979). Therefore, the State of Ohio is immune from suit in this case, and the complaint against defendant Damschroder, in his official capacity, must be dismissed.

Likewise, the complaint against defendants Hamilton County Job and Family Services, Director Margie Weaver, and caseworker Abigail Rogers, in their official capacity, should be dismissed. To state a claim for relief against Hamilton County for plaintiff's alleged injuries, the complaint must allege facts showing that the misconduct giving rise to plaintiff's injuries was the result of a policy, statement, regulation, decision, or custom promulgated by Hamilton County. *Bright v. Gallia Cnty., Ohio*, 753 F.3d 639, 660 (6th Cir. 2014) (citing *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir. 2003)); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir.

5

1994). *See also Monell*, 436 U.S. at 694; *Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996). "The 'official policy' requirement [of *Monell*] was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479 (1986). "[P]laintiff must adequately plead (1) that a violation of a federal right took place, (2) that the defendants acted under color of state law, and (3) that a municipality's policy or custom caused that violation to happen." *Bright*, 753 F.3d at 660 (citing *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008)). *See also Polk County v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be "moving force" behind constitutional deprivation).

Plaintiff's complaint fails to allege any facts showing the actions taken by the Hamilton County defendants stemmed from a particular policy, custom, or practice of Hamilton County that caused a violation of plaintiff's civil rights. Therefore, plaintiff's complaint fails to state a claim upon which relief may be granted against defendants Hamilton County Job and Family Services, Weaver, and Rogers in their official capacity. The complaint against these defendants should be dismissed.

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to

apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 1/17/2024

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHELLE MORRIS,  Case No. 1:24-cv-003
    Plaintiff,  Hopkins, J.
                                           Litkovitz, M.J.
    vs.

HAMILTON COUNTY JOB
AND FAMILY SERVICES, et al.,
    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).